Constance L. Akridge, Esq.
Nevada Bar No. 3353
Leslie M. Nino, Esq.
Nevada Bar No. 11672
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: clakirdge@hollandhart.com
       lmnino@hollandhart.com

*Attorneys for Plaintiff J.M. Woodworth Risk Retention Group, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNI-TER UNDERWRITING MANAGEMENT CORPORATION, UNI-TER RISK MANAGEMENT SERVICES CORPORATION, UNI-TER CLAIMS SERVICES CORPORATION, US RE CORPORATION, and DOES 1 through X; and ROE ENTITIES XI through XX, <br><br> Defendants. | Case No. : 2:13-cv-00911-JAD-PAL <br><br> **STIPULATED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER** |

**THIS MATTER** came to be heard upon the agreement and stipulation of the parties, the Court having reviewed said agreement and stipulation and being otherwise fully advised in the premises, does hereby finds as follows:

A.  Plaintiff, J.M. Woodworth Risk Retention Group, Inc. ("Plaintiff"), and Defendants, Uni-Ter Underwriting Management Corporation, Uni-Ter Risk Management Services Corporation, Uni-Ter Claims Services Corporation, and US RE Corporation (collectively, "Defendants"), hereby stipulate to the following provisions regarding confidentiality of materials, and request that the Court enter this Confidentiality Order.

B. Discovery and trial in the above-captioned matter will require production of documents and testimony that contain trade secret or other confidential information requiring protection against unrestricted disclosure and use.

C. In the absence of a protective order governing the production and protection from disclosure of such information, the parties and the Court may be required to devote an undue amount of time and effort to issues regarding the confidentiality of specific information produced in discovery.

D. The parties have shown good cause for the entry of the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. "Document" or "documents" means information, recordation and storage media *of any kind*, including, but not limited to, written, photographic, audio, video, magnetic, electronic, optical, or other media. This definition also includes, but is not limited to, written, audio, or video productions of oral statements or events; answers to requests for documents in lieu of submission of documents; and original versions and reproductions by whatever means.

2. The term "producing party" includes any party and any nonparty who produces information or documents incident to discovery in these proceedings.

3. The term "these proceedings" means the proceeding designated in the caption to this Order and all appeals, interlocutory proceedings, related proceedings and collateral or ancillary proceedings. The term further expressly includes, without limitation, the private arbitration proceeding styled *In the Matter of Arbitration Between Uni-Ter Underwriting Management Corporation, et al., Petitioners, and J.M. Woodworth Risk Retention Group, Inc., Respondent*.

4. "Confidential Information" means any information or document produced by a producing party that in good faith believes constitutes a trade secret or other confidential or proprietary business, technical or financial information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The term also encompasses any other information the disclosure of which is likely to have the effect of causing significant competitive harm to the

6580228

producing party or party from which the information was obtained.

5. Confidential Information shall be designated as "Confidential" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be deemed "Confidential."

6. Documents produced in this action may be designated by any party or third party as Confidential Information by marking each page of the document so designated as "Confidential."

7. All Confidential Information produced or exchanged by the parties or by third parties in the course of these proceedings shall be used solely for the purpose of conducting these proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order. Notwithstanding such designation, however, each party and its agents shall at all times be allowed to use its own business records, regardless of who produced the same, in the course and scope of its business operations, and to disclose such records to its regulators, if necessary.

8. Confidential Information shall not de disclosed or communicated to anyone other than the following persons:

    a. Attorneys of record for the parties in this proceeding including the respective partners, of counsel, associates and employees of such attorneys to whom it is reasonably necessary that the material be shown for purposes of this proceeding;

    b. The parties in this proceeding, including their respective officers, directors, employees, and agents.

    c. Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A;

6580228

      d. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these proceedings;

      e. Personnel of any Court, including judges, official reports, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these proceedings; and

      f. Personnel of the Arbitration Board, including members of the Arbitration Board, and their staff or other authorized personnel to the extent necessary for them to perform their duties in connection with the above referenced arbitration proceeding.

9. Any party or third party may designate deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is disclosed subject to the provisions of this Order. The reporter shall mark all copies of the transcript "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and shall include a notice of the pages and lines of the transcript that should be treated as Confidential Information.

      a. Any party or third party also may designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within thirty days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control.

      b. If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL," and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

      c. If the Court's rules require the filing of depositions with the Court or if such

6580228

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

filing is required in a particular instance, any deposition transcript or exhibits containing Confidential Information shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and filed under seal.

10. The failure to challenge the propriety of a designation of Confidential Information at the time made shall not preclude a subsequent challenge. If counsel for any party disagrees with the designation of Confidential Information by a producing party, counsel shall try first to resolve their dispute informally and in good faith. If counsel cannot resolve the dispute, the objecting party may seek appropriate relief from the Court. The information that is the subject of dispute or motion under this paragraph shall be treated as Confidential Information pending resolution of the objection by the Court and for thirty (30) days after any Court order removing a designation of Confidential Information to allow the producing party to seek appellate review, and while appellate review is pending.

11. If counsel for a party refers to or includes Confidential Information in motions, briefs, affidavits or other written pleadings, motions, or material filed with the Court, each portion of any such written material that contains, embodies, discusses or discloses Confidential Information shall be filed under seal pursuant to applicable Court procedures, and indicate that the information has been designated confidential by the producing Party pursuant to this Stipulated Confidentiality Order. Each such written submission shall bear in prominent form on the first page of the submission the following legend:

**FILED UNDER SEAL; CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER OF THE COURT WHICH LIMITS DISCLOSURE AND USE. ACCESS LIMITED TO PERSONS AUTHORIZED BY THE PROTECTIVE ORDER UNLESS OTHERWISE ORDERED BY THE COURT.**

    a. To the extent practicable, counsel filing such written material shall segregate the portions containing Confidential Information so as to limit the extent to which material must be maintained under seal.

    b. Copies of written material containing Confidential Information filed with the Court as provided in paragraph 11 may not be provided to any person or entity other than those set forth in paragraph 8.

    c. If any party wishes to file written material containing Confidential

6580228

Information in the public record, and not under seal, that party will provide advance written notice to the producing party that designated such Confidential Information. If counsel are unable to agree regarding whether the material may be filed in the public record, they shall seek a ruling from the Court.

12. The provisions of this Order, or any designation or failure to designate particular information as Confidential Information pursuant to this Order, shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

13. A producing party shall make a good faith effort to designate discovery material as confidential at the time of production. Inadvertent or unintentional disclosure by any producing party of confidential discovery material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, as to either a specific document or any information contained therein, and the parties shall, upon notice, thereafter treat such discovery material as confidential Information. A receiving party shall make a good faith effort to locate and mark as "CONFIDENTIAL" any copies of such discovery material.

14. Within thirty (30) days of the conclusion of these proceedings, all Confidential Information shall be either: (1) returned to the producing party, or (2) destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the producing party.

15. The obligations imposed by this Order shall remain in effect after these proceedings have concluded.

16. Nothing in this Order may be construed to restrict any Party's right to challenge the admissibility or use of Confidential Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege.

17. This Order shall not bar any attorney of record in these proceedings in the course of rendering advice to his/her client with respect to these proceedings from conveying to any

6580228

1  party to these proceedings his/her general evaluation of any Confidential Information produced
2  or exchanged in these proceedings; provided, however, that in rendering such advice and
3  otherwise communicating with his/her client, the attorney shall not disclose the specific contents
4  of any Confidential Information produced by another party or third party which disclosure would
5  be contrary to the terms of this Order.

6        18.    If Confidential Information in the possession of a Party is sought by subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such Confidential Information by compulsory process, the Party to whom the process is directed shall promptly give written notice of such process to the Party designating the information as confidential (the "Designating Person"), cooperate to the extent necessary to permit the Designating Person to quash such process, and shall not make production of such information until 10 days after the Designating Person has received written notice of such process as required herein (unless otherwise ordered to do so by the court, administrative or legislative body, in which case the Party to whom such process is directed shall provide the Designating Person as much notice as reasonably possible while not violating such order).

| | |
|---|---|
| DATED this 13th day of January, 2014. | DATED this 13th day of January, 2014. |
| HOLLAND & HART LLP | PISANELLI BICE PLLC |
|    /s/ Constance L. Akridge |    Christopher R. Miltenberger |
| Constance L. Akridge, Esq.<br>Leslie M. Nino, Esq.<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, Nevada 89134 | James J. Pisanelli, Esq.<br>Christopher R. Miltenberger, Esq.<br>3883 Howard Hughes Parkway, Suite 800<br>Las Vegas, Nevada 89169 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**DONE AND ORDERED** this 37yj day of Lcpwct{, 2016.

                                                                                 _____
                                                  UNITED STATES O CI KVTCVG JUDGE

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

**EXHIBIT "A"**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, UNI-TER RISK MANAGEMENT SERVICES CORPORATION, UNI-TER CLAIMS SERVICES  CORPORATION, US RE CORPORATION, and DOES 1 through X; and ROE ENTITIES XI through XX,<br><br>  Defendants. | Case No. :  2:13-cv-00911-JAD-PAL<br><br>**AGREEMENT TO BE BOUND BY AND COMPLY WITH PROTECTIVE ORDER** |

1. I have been advised by counsel for a party in the captioned proceedings that it will be necessary for me to receive access to information that has been designated as Confidential pursuant to a protective order in this proceeding and/or related arbitration proceeding.

2. I have been furnished and have reviewed a copy of the Stipulated Confidentiality and Non-Disclosure Protective Order (the "Protective Order") and understand the obligations that it imposes upon those who receive Confidential Information.  I understand that the Protective Order, among other things, prohibits the use of any information designated as confidential for any purpose other than these proceedings, and further that I am prohibited from disclosing confidential information (or any copies, extracts, summaries or information otherwise derived from such information) to any other person except as specifically provided for in the

6580228

Protective Order.

3. In consideration of my being furnished confidential information, I agree to be bound by the terms of the Protective Order and to comply with those terms. I further acknowledge and agree that the terms of the Protective Order are enforceable against me as a contract by any party both during and after the conclusion of these proceedings. I submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of ensuring compliance with the Protective Order.

Date: _____

Signature: _____

Type or Print Name: _____

6580228