**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP,<br><br>                Plaintiff,<br><br>vs.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, et al.,<br><br>                Defendants. | Case No. 2:13-cv-00911-APG-PAL<br><br>**ORDER**<br><br>(Mtn to File Under Seal - Dkt. #68) |

      This matter is before the court on Defendants Uni-Ter Underwriting Management Corporation's, Uni-Ter Risk Management Services Corporation's, and Uni-Ter's Claims Services Corporation's (together, the "Uni-Ter Defendants") Motion for Leave to File Documents Under Seal (Dkt. #68) filed March 10, 2014. The court has considered the Motion.

      The Motion seeks an order pursuant to LR 10-5(b) permitting the Uni-Ter Defendants to file the following documents under seal in support of their opening claim construction brief: (a) Plaintiff's meeting minutes; (b) Certificate of Authority #18273 issued by the State of Nevada to Plaintiff; (c) excerpts of Plaintiff's Nevada Captive Application for Authority; and (d) transcript of Mr. Louis E. Pleninger's deposition taken February 13, 2014. The Uni-Ter Defendants represent that Plaintiff has designated these documents as confidential pursuant to the court's Protective Order (Dkt. #39), which was entered January 22, 2014. The Uni-Ter Defendants represent that revealing the terms of these documents may disclose Plaintiff's commercial information, including its business plan, organization, and business deliberations.

/ / /

As an initial matter, the Uni-Ter Defendants' reliance on the court's Order (Dkt. #39) is misplaced.  As set forth in the court's Order (Dkt. #44), the court approved the parties' blanket protective order to facilitate discovery exchanges, and the court "has not found that any specific documents are secret or confidential."  Order (Dkt. #44) at 2:2-5.

The Uni-Ter Defendants have not made a showing of compelling reasons or good cause to support sealing the documents.  *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), requires a party to set forth compelling reasons to seal documents attached to dispositive motions and good cause to seal documents attached to non-dispositive motions.  The court's own research found one case on point.  In *Symantec Corp. v. Acronis, Inc.,* the court considered a sealing request related "to a non-dispositive claim construction brief" that was not connected to a summary judgment and found the good cause standard for sealing applied.  *See* 2013 WL 5913756 at * (Oct. 31, 2013) (citing *Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214, 1222 (Fed. Cir. 2013)).  Here, the claim construction brief is also not attached to any dispositive motion, and the court will therefore apply the good cause standard.

A party seeking to seal documents attached to non-dispositive motions must make a "particularized showing under the good cause standard of Rule 26(c)."  *Kamakana,* 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  The Uni-Ter Defendants represent that revealing the terms of the documents "may disclose Plaintiff's commercial information, including its business plan, organization, and business deliberations."  Motion at 2:21-24.  The court appreciates that the motion to seal was filed to comply with the Uni-Ter Defendants' obligation to treat documents designated by opposing counsel as confidential, but statement Plaintiff has designated the documents as confidential does not establish good cause for sealing the documents attached to a non dispositive motion filed with the court.

For these reasons,

**IT IS ORDERED:**

1. The Uni-Ter Defendants' Motion for Leave to File Under Seal (Dkt. #68) is DENIED WITHOUT PREJUDICE.
2. Plaintiff shall have until **April 2, 2014,** to file a memorandum of points and authorities

1 | and any supporting declaration or affidavit to make a particularized showing of good
2 | cause why the documents attached to the Uni-Ter Defendant's claim construction brief
3 | should remain under seal.
4 | 3. The Uni-Ter Defendants' Notice of Filing Documents Under Seal (Dkt. #69) shall
5 | remain under seal until April 2, 2014. If Plaintiff fails to timely comply with this order,
6 | the Clerk of the Court is directed to unseal the documents to make them available on the
7 | public docket.
8 | Dated this 24th day of March, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE