# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP, <br><br> Plaintiff, <br><br> vs. <br><br> UNI-TER UNDERWRITING MANAGEMENT CORPORATION, et al., <br><br> Defendants. | Case No. 2:13-cv-00911-APG-PAL <br><br> **ORDER** <br><br> (Mtn to File Under Seal - Dkt. #72) |

This matter is before the court on Plaintiff J.M. Woodworth Risk Retention Group, Inc.'s Motion for Leave to File Exhibits Under Seal (Dkt. #72). The exhibits are submitted with Plaintiff's Supplemental Brief in Support of its Motion to Remand (Dkt #5). The court has considered the Motion.

The Motion seeks an order pursuant to LR 10-5(b) and the Protective Order (Dkt. #39) entered in this case permitting Plaintiff to file the following documents under seal in support of their Supplemental Brief in Support of its Motion to Remand (Dkt. #5): (a) Plaintiff's Confidential Offering Memorandum; and (b) Plaintiff's Bylaws. As an initial matter, Plaintiff's reliance on the court's Order (Dkt. #39) is misplaced. The court's Order (Dkt. #44), approved the parties' blanket protective order to facilitate discovery exchanges. The parties did not show and the court made no finding that any specific documents are secret or confidential or entitled to protection. Order (Dkt. #44) at 2:2-5.

Plaintiff represents that the Confidential Offering Memorandum and Bylaws "discuss confidential business information that has been designated confidential under the Protective Order." Motion at 3:8-9. This conclusory statement is insufficient to meet Plaintiff's burden of showing

compelling reasons to support sealing the documents. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), requires a party to set forth compelling reasons to seal documents attached to dispositive motions. A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id*. at 1178. The Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g., Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Moreover, the movant must make that required particularized showing for each document that it seeks to seal. *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). Plaintiff has not met this burden.

For these reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Under Seal (Dkt. #72) is DENIED WITHOUT PREJUDICE.
2. Plaintiff shall have until **April 17, 2014,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of compelling reasons why the documents attached to Plaintiff's Supplemental Brief should remain under seal.

/ / /
/ / /
/ / /

3. Plaintiff's Supplemental Brief shall remain under seal until April 17, 2014.  If Plaintiff fails to timely comply with this order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

Dated this 3rd day of April, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE