UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP,<br><br>            Plaintiff,<br><br>vs.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, et al.,<br><br>            Defendants. | Case No. 2:13-cv-00911-APG-PAL<br><br>**ORDER** |

      This matter is before the court on Plaintiff J.M. Woodworth Risk Retention Group, Inc.'s Memorandum of Points and Authorities in Support of Filing Documents Under Seal (Dkt. #77) filed April 2, 2014.  The court has considered the Memorandum and the Declaration of Constance L. Akridge, Esq., filed in support of the Memorandum.

      On March 25, 2014, the court entered an Order (Dkt. #74) denying the Uni-Ter Defendants' Motion for Leave to File Documents Under Seal (Dkt. #68).  The Uni-Ter Defendants sought an order to file certain documents designated by Plaintiff as confidential pursuant to the Protective Order (Dkt. #39), entered January 22, 2014, namely: (a) Plaintiff's meeting minutes; (b) Certificate of Authority #18273 issued by the State of Nevada to Plaintiff; (c) excerpts of Plaintiff's Nevada Captive Application for Authority; and (d) transcript of Mr. Louis E. Pleninger's deposition taken February 13, 2014.  The Uni-Ter Defendants sought to file those documents under seal in connection with their Supplemental Claim Construction Brief (Dkt. #65).  The court denied the Uni-Ter Defendants' request without prejudice, finding they had not made a particularized showing of good cause as required by the Ninth Circuit in *Kamakana v. City & County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).  The

1  court allowed Plaintiff to file a Memorandum of Points and Authorities in support of the Uni-Ter
2  Defendants' request to file these documents under seal.  Plaintiff complied and filed the instant
3  Memorandum.
4        First, Plaintiff asserts that good cause exists to seal Plaintiff's meeting minutes because they
5  contain substantial discussion about Plaintiff's proprietary business practices, the structure of Plaintiff's
6  business, information about Plaintiff's finances, relationships with its service providers and clients, and
7  marketing efforts.  Plaintiff asserts that filing these documents in the public record would cause
8  infringement on Plaintiff's trade secrets, injure its relationship with its clients, and interfere with
9  Plaintiff's ability to negotiate future transactions with service providers.
10       Second, with respect to Certificate of Authority Number 18273, Plaintiff represents that these
11 documents do not contain proprietary or otherwise confidential business information, and it does not
12 object to them being filed in the public record.
13       Third, Plaintiff contends that the excepts from its Nevada Captive Application for Authority
14 include details about Plaintiff's proprietary business plan, operations, practices, organizational charts,
15 and Plaintiff's confidential offering memorandum between it and its clients.  Allowing these documents
16 to be filed in the public record would cause infringement on Plaintiff's trade secrets, injure its
17 relationship with its clients, and interfere with Plaintiff's ability to negotiate future transactions with
18 service providers.
19       Fourth, with respect to the transcript of Mr. Louis E. Pleninger, taken February 13, 2014,
20 Plaintiff asserts that during the deposition, Mr. Pleninger discussed significant aspects of Plaintiff's
21 business practices, business models, and its Board of Directors' policy and decision-making practices.
22 To file the deposition in the public record would expose Plaintiff's proprietary business practices and
23 jeopardize measures taken by Plaintiff to maintain the confidentiality of these practices.
24       In the Ninth Circuit, it is well-established that the "fruits of pretrial discovery are, in the absence
25 of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District*
26 *Court,* 187 F.3d 1096, 1103 (9th Cir.1999).  However, where a party opposing disclosure shows good
27 cause for limiting access to litigation documents and information produced during discovery and
28 attached to non-dispositive motions, the materials may be filed under seal.  *See Kamakana v. City and*

*County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). The court finds Plaintiff has stated good cause for maintaining the confidentiality of Plaintiff's meeting minutes, Nevada Captive Application for Authority, and the deposition transcript from the deposition of Mr. Louis E. Pleninger, taken on February 13, 2014, all of which were filed in connection with the Uni-Ter Defendants' Supplemental Claim Construction Brief on Jurisdiction (Dkt. #65).

For these reasons,

**IT IS ORDERED:**

1. Exhibits A, C, and D, attached to the Uni-Ter Defendants' Notice of Filing (Dkt. #69), shall remain under seal.
2. The Clerk of the Court shall unseal Exhibit B to the Uni-Ter Defendants' Notice of Filing (Dkt. #69).

Dated this 15th day of April, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE