Constance L. Akridge, Esq.
Nevada Bar No. 3353
Leslie M. Nino, Esq.
Nevada Bar No. 11672
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada  89134
Tel:  (702) 669-4600
Fax:  (702) 669-4650
Email: clakirdge@hollandhart.com
         lmnino@hollandhart.com

*Attorneys for Plaintiff J.M. Woodworth Risk Retention Group, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP, INC., a Nevada Captive Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, a Delaware Corporation; UNI-TER RISK MANAGEMENT SERVICES CORPORATION, a Delaware Corporation; UNI-TER CLAIMS SERVICES CORPORATION a Delaware Corporation; and US RE AGENCIES, INC., a Delaware Corporation; STATE OF NEVADA, DIVISION OF INSURANCE OF THE DEPARTMENT OF BUSINESS AND INDUSTRY; DOES 1 through X; and ROE ENTITIES XI through XX,<br><br>Defendants. | Case No. :  2:13-cv-00911-JAD-PAL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FILING DOCUMENTS UNDER SEAL** |

Plaintiff J.M. Woodworth Risk Retention Group, Inc. ("JMW"), by and through its counsel of record, Holland & Hart LLP, hereby submits the following memorandum of points and authorities and supporting declaration showing of compelling reasons as to why certain documents submitted in support of JMW's Supplemental Brief in Support of its Motion to Remand [Dkt. #71] ("Supplemental Brief") should remain under seal.

The following Memorandum of Points and Authorities incorporates by reference the

6807405_2

JMW's Motion for Leave to File Exhibits Under Seal [Dkt. #72], the papers and pleadings on file herein and in the Eighth Judicial District Court for Clark County, Nevada (Case No. A-13-681890-B) and any further oral argument this Court may allow concerning these issues.

DATED this 17th day of April, 2014.

HOLLAND & HART LLP

By: ___/s/ *Constance L. Akridge*___
Constance L. Akridge, Esq.
Leslie M. Nino, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada  89134

*Attorneys for Plaintiff J.M. Woodworth Risk Retention Group, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

"[T]he usual presumption of the public's right of access is rebutted" for certain confidential business information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *Selling Source, LLC v. Red River Ventures, LLC*, Case No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, *1 (D. Nev. April 29, 2011) ("[i]t is well-settled that the court has the authority to shield proprietary information related to the ongoing operations of a business from public review.")  One way for a party to meet its burden of showing a compelling reason is to show that the information sought to be sealed is a "trade secret" or otherwise commercially sensitive.  *See id.*  That is because "[w]here the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source*, 2011 WL 1630338 at *6.  Some information that courts have found to fall under this trade secret exception is information relating to, among other things, business operations, corporate structure, and customer agreements.  *Id*. at *6–7.

In accordance with the Court's Order [Dkt. #74], JMW provides the following compelling reasons as to why the following documents submitted as Exhibits 2 and 3 to JMW's

Supplemental Brief [Dkt. #71] should remain under seal:

1. <u>JMW's Confidential Offering Memorandum</u>. These documents include substantial discussions between JMW and a potential business partner and include information relating to proprietary business practices, the structure of JMW's insurance business, specific information about JMW's finances, and relationships with its service providers and insureds. Allowing these documents to be displayed in the public record will cause infringement upon JMW's trade secrets, injure JMW's relationships with its insureds, and will interfere with its ability to negotiate future deals with service providers. *Id.*, Exhibit 2.

2. <u>JMW's Bylaws</u>. These documents contain proprietary or otherwise confidential business information relating to the corporate structure and internal governance of JMW. Allowing these documents to be displayed in the public record will reveal sensitive information to the public and could place JMW in a position of strategic disadvantage if this information is utilized by JMW's competitors. *Id.*, Exhibit 3.

Based on the content of the preceding material, JMW's interest in protecting its trade secrets and proprietary business practices outweighs the general public interest in public filings. Accordingly, JMW respectfully requests that Exhibits 2 and 3 to JMW's Supplemental Brief remain sealed from public view.

DATED this 17th day of April, 2014.

HOLLAND & HART LLP

By: /s/ *Constance L. Akridge*
Constance L. Akridge, Esq.
Leslie M. Nino, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Plaintiff J.M. Woodworth Risk Retention Group, Inc.*

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

6807405_2

**DECLARATION OF CONSTANCE L. AKRIDGE, ESQ. IN SUPPORT OF JMW'S MEMORANDUM OF POINTS AND AUTHORITIES**

I, Constance L. Akridge, hereby declare under penalty of perjury:

1. I am a licensed attorney currently in good standing to practice law in the State of Nevada and before this Court.

2. I have personal knowledge of the matters contained in this declaration and am competent to testify regarding them.

3. I am a shareholder of the law firm Holland & Hart LLP, and I am counsel to JMW.

4. I make this declaration in support of JMW's Memorandum of Points and Authorities.

5. JMW's Confidential Offering Memorandum includes substantial discussions between JMW and a potential business partner and include information relating to proprietary business practices, the structure of JMW's insurance business, specific information about JMW's finances, and relationships with its service providers and insureds. JMW's Supplemental Brief [Dkt. #71], Exhibit 2.

6. Allowing these documents to be displayed in the public record will cause infringement upon JMW's trade secrets, injure JMW's relationships with its insureds, and will interfere with its ability to negotiate future deals with service providers. *Id.*

7. JMW's Bylaws contain proprietary or otherwise confidential business information relating to the corporate structure and internal governance of JMW. *Id.*, Exhibit 3.

8. Allowing these documents to be displayed in the public record will reveal sensitive information to the public and could place JMW in a position of strategic disadvantage if this information is utilized by JMW's competitors. *Id.*

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 17th day of April, 2014.

/s/ *Constance L. Akridge*
CONSTANCE L. AKRIDGE, ESQ.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2014, a true and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FILING DOCUMENTS UNDER SEAL** was served on counsel through the Court's electronic service system as follows:

**Electronic Service:**

Lance J. Hendron, Esq.
625 South Eighth Street
Las Vegas, NV 89101
Email: lance@hendronlaw.com

Carlos L. de Zayas
Jason B. Trauth
Alan S. Feldman
**LYDECKER DIAZ**
1221 Brickell Avenue, 19th floor
Miami, FL 33131
Email: cdz@ydeckerdiaz.com
    jbt@lydeckerdiaz.com
    af@lydeckerdiaz.com

*Attorneys for Uni-Ter Defendants*

Catherine Cortez Mastro, Esq.
Joanna N. Grigoriev, Esq.
**OFFICE OF THE ATTORNEY GENERAL**
555 East Washington Avenue
Las Vegas, NV 89101
Email: jgrigoriev@ag.nv.gov

Melissa L. Flatley
**OFFICE OF THE ATTORNEY GENERAL**
100 N. Carson Street
Carson City, NV 89701
Email: mflatley@ag.nv.gov

*Attorneys for the State of Nevada, Division of Insurance*

　　　　/s/ Susann Thompson
An employee of Holland & Hart LLP