UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| J.M. WOODWORTH RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNI-TER UNDERWRITING MANAGEMENT CORP., et al., <br><br> Defendant. | Case No. 2:13-cv-00911-JAD-PAL <br><br> ORDER |

This matter is before the court on Plaintiff J.M. Woodworth Risk Retention Group, Inc.'s Memorandum of Points and Authorities in Support of Filing Documents Under Seal (Dkt. #84) filed April 17, 2014. The court has considered the Memorandum and the Declaration of Constance L. Akridge, Esq., filed in support of the Memorandum.

On April 3, 2014, the court entered an Order (Dkt. #78) denying Plaintiff J.M. Woodworth Risk Retention Group, Inc.'s Motion for Leave to File Documents Under Seal (Dkt. #72) in support of its Supplemental Brief in Support of its Motion to Remand (Dkt. #71). Plaintiff sought an order to file its Confidential Offering Memorandum and Bylaws under seal because they discussed confidential business information that was designated confidential under the Protective Order (Dkt. #44). The court denied Plaintiff's request without prejudice, finding it had not shown compelling reasons to keep the documents under seal as required by the Ninth Circuit in *Kamakana v. City & County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). The court allowed Plaintiff to file a Memorandum of Points and Authorities in support of its request to file these documents under seal. Plaintiff complied and filed the instant Memorandum.

1    First, Plaintiff asserts that its Confidential Offering Memorandum should remain under seal because it includes discussion between Plaintiff and a potential business partner and because it includes information about Plaintiff's proprietary business practices, the structure of its business, and specific information about its finances and relationships with its insureds and service providers. Allowing these documents in the public record would cause interfere with Plaintiff's ability to negotiate future deals with its service providers.

Second, Plaintiff asserts that its Bylaws should remain under seal because they contain proprietary and confidential information about the corporate structure and internal governance of Plaintiff's business. Allowing this information in the public record would place Plaintiff "in a position of strategic disadvantage" if it were used by Plaintiff's competitors.

The Ninth Circuit has indicated that compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might "become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *See Kamakana,* 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit has adopted the Restatement's definition of "trade secret," which includes any "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity over competitors who does not know or use it." *Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214, 1222 (Fed Cir. 2013) (applying Ninth Circuit law and citing Restatement (First) of Torts § 757 cmt. B). In *In Re Electronic Arts,* for example, the Ninth Circuit held that the district court had abused its discretion in failing to seal pricing terms, royalty rates, and guaranteed minimum payment terms in a license agreement, finding that information "plainly falls within the definition of trade secrets." 298 Fed. Appx. 568, 569-70 (9th Cir. 2008); *see also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (finding detailed plan for creation, promotion, financing, and sale of contracts constitutes a trade secret).

The court has reviewed the Offering Memorandum and Bylaws and finds they contain confidential information and trade secrets. Plaintiff has established that compelling reasons exist to keep these documents under seal.

2

1  Having reviewed and considered the matter,

2  **IT IS ORDERED** that Exhibits 2 and 3 to Plaintiff's Supplemental Brief in Support of

3  Motion to Remand (Dkt. #73) shall remain under seal.

4  DATED this 19th day of May, 2014.

```
                                          _____
                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE
```