# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

J.M. WOODWORTH RISK RETENTION GROUP, INC., a Nevada Captive Corporation,

Plaintiff,

vs.

UNI-TER UNDERWRITING MANAGEMENT CORPORATION, a Delaware Corporation; UNI-TER RISK MANAGEMENT SERVICES CORPORATION, a Delaware Corporation; UNI-TER CLAIMS SERVICES CORPORATION, a Delaware Corporation; US RE AGENCIES, INC., a Delaware Corporation; STATE OF NEVADA, DIVISION OF INSURANCE OF THE DEPARTMENT OF BUSINESS AND INDUSTRY; DOES I- X; and ROE ENTITIES XI through XX,

Defendants

Case No.: 13-cv-0911-JAD-PAL

**Order Denying Plaintiff's Motion for Attorney's Fees [Doc. 90] and Granting Motion for Leave to File Exhibits Under Seal [Doc. 96]**

After defendants removed this case to federal court, Plaintiff J.M. Woodworth ("JMW") successfully demonstrated that complete diversity of citizenship did not exist, and I granted JMW's motion to remand. Docs. 88 (minutes), 89, 97. JMW now seeks the attorney's fees it incurred in litigating this action in federal court, arguing that the removal was not objectively reasonable and resulted in a considerable degree of jurisdictional discovery that defendants could have easily avoided through the exercise of reasonable diligence. *See* Doc. 90. It also asks me to seal certain exhibits. Because removal was premised on an ambiguity in the pleadings that JMW itself created, I find defendants' removal was not objectively unreasonable and deny the motion for fees. I do, however, grant JMW's motion to seal portions of its reply pursuant to the court's protective order. Doc. 96.

**Background**

At the time of removal, JMW's state court complaint alleged that "JMW is, and was at all times relevant hereto, a Nevada corporation, domiciled in Nevada as an associate captive insurer under NRS Chapter 694C." Doc. 1-2 at 2. Defendants, none of whom were incorporated or had

their principal places of business in Nevada, removed this case to federal court based on diversity of citizenship. Doc. 1. JMW then filed an emergency motion to remand the case back to state court, Doc. 5, and in its reply argued that its principal place of business is not Nevada. Doc. 15 at 1.

Critical to the disposition of the remand motion was whether JMW's principal place of business was located in New York, Georgia, or Nevada; only the latter would have established diversity of citizenship. After permitting jurisdictional discovery on the topic, I determined that under the "nerve center" test promulgated in the 2010 U.S. Supreme Court case of *Hertz Corp. v. Friend*,[1] JMW's principal place of business was in New York, and complete diversity of citizenship did not exist. Doc. 97 at 21-26. To reach this conclusion, I relied on the fact that the majority of JMW's board members conducted their meetings remotely from New York. *Id.* I also rejected defendants' argument that JMW was a "passive" company that had "transplanted" its central corporate functions to the defendants such that it had no principal place of business at all and was a citizen of its state of incorporation only. Doc. 97 at 22. Consequently, I granted JMW's motion to remand but did not include an attorney-fee award. *See* Docs. 89, 97.

**Discussion**

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2] An award of attorney fees turns on whether the removal was objectively reasonable,[3] with reasonableness analogized to whether "the relevant case law clearly foreclosed the defendant's basis of removal."[4] Although the reasonableness of the removal is left to the district court's discretion, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[5]

---

[1] 559 U.S. 77 (2010).

[2] *Id.*

[3] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-41 (2005).

[4] *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2006).

[5] *Id. at* 136-41.

JMW argues, *inter alia*, that because defendant Uni-Ter had been "providing services" to JMW since 2006, helped JMW file documents with the Nevada Department of Insurance, and had access to JMW's corporate records at the time the complaint was filed, it knew or should have known that the majority of its board members lived in New York and conducted meetings while in New York, such that complete diversity of citizenship did not exist and the extensive jurisdictional discovery which ultimately followed removal would be unnecessary. Doc. 90 at 5. Defendants counter by pointing out that after removal, JMW seemingly contradicted its own complaint—by arguing in support of its remand motion that its principal place of business was not Nevada, but either New York or Georgia. Doc. 93 at 5-6 (citing Doc. 15 at 1).

The confusion over JMW's principal place of business was one of its own making. At the time of removal, JMW's state court complaint alleged that "JMW is, and was at all times relevant hereto, a *Nevada corporation*, *domiciled in Nevada* as an associate captive insurer under NRS Chapter 694C." Doc. 1-2 at 2 (emphasis added). For corporations, "domicile" is routinely analogized to "state of incorporation" *or* "principal place of business."[6] A fair reading of JMW's complaint suggests that JMW intended the word "domicile" to mean "principal place of business," because if JMW's use of "domicile" in its complaint was meant to refer to its state of incorporation and not its principal place of business, its use of the word "domicile" would be duplicative. At best, JMW's intention in using both "domicile" and "Nevada corporation" in the same sentence of its complaint was unclear.

JMW later exacerbated this ambiguity, stating in its reply to its motion to remand that its principal place of business is "not Nevada." Doc. 15 at 1. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."[7] "[S]tatements of fact contained in a brief *may* be considered admissions of the

---

[6] *See, e.g.*, *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011); *Juntilla v. Resi Home Loans IV, LLC*, 2012 WL 3761932, at *2 (D. Nev. Aug. 29, 2012); *Young v. American Family Mutual Ins. Co.*, 2010 WL 2571351, at *1 (D. Nev. June 23, 2010).

[7] *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

1 party in the discretion of the district court."[8] Where a party "tried to benefit" from a statement in a
2 brief, that statement can be properly considered as a judicial admission.[9] But "the party making an
3 ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial
4 court must accord the explanation due weight."[10] It's clear that JMW "tried to benefit" from its
5 post-complaint assertion that its principal place of business was "not Nevada," as it used that
6 assertion to support its request to remand this matter to the forum of its choosing. And after
7 defendants pointed out this muddled state of affairs in their response to the motion for attorney's
8 fees, JMW neither clarified it or even addressed it in reply. *See* Doc. 95.

9       In taking JMW's pleading at face value and pursuing jurisdictional discovery after remand,
10 defendants did not act in an objectively unreasonable manner because, under the controlling law,
11 defendants had at least some basis to argue that JMW's "nerve center" could be located in Nevada.
12 *Hertz* noted that "[I]n practice [the "nerve center"] should normally be the place where the
13 corporation maintains its headquarters—provided that the headquarters is the actual center of
14 direction, control, and coordination . . . and not simply an office where the corporation holds its
15 board meetings (for example, attended by directors and officers who have traveled there for the
16 occasion)."[11] The "nerve center" test focuses on where corporate decisions are actually made, as
17 opposed to where the decisions are carried out.[12] Other trial courts in this district, applying *Hertz*,
18 have engaged in a fact-specific inquiry to find that a company's principal place of business was the
19 location of all but one of its officers and directors, even if the sole "outlying" officer was the
20 company president who managed the company's day-to-day operations from another jurisdiction,

---

[8] *Id.* at 227 (emphasis in original).

[9] *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (finding that party's prior statement regarding privity was a judicial admission).

[10] *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995).

[11] *Hertz*, 559 U.S. at 93.

[12] *United States v. Chao Fan Xu*, 706 F.3d 965, 976 (9th Cir. 2013).

which also served as the side of the defendant's homebuilding operations.[13] I pursued the same course in my order on JMW's motion to remand, focusing on the location of the majority of JMW's board members at the time board meetings were conducted. Even if all of these facts were ultimately in defendants' possession prior to the time jurisdictional discovery began, application of these facts to the law was not so open-and-shut as to foreclose any reasonable argument that JMW's "nerve center" was located in Nevada.

Based on both the self-created ambiguity surrounding JMW's principal place of business, and the fact-specific "nerve center" inquiry necessary to determine where JMW's corporate decisions were made, it cannot be said that defendants' removal of the case was "objectively unreasonable." I did not award attorney's fees to JMW at the time I granted its motion to remand, and I find no reason to award them now.

**B.     Motion to Seal [Doc. 96]**

JMW also moves to seal (1) biographical affidavits of its initial directors, and (2) its board meeting materials, under the protective order already entered in this case. Doc. 96 at 3. JMW claims that the biographical affidavits contain "sensitive personal information for each of JMW's initial officers and directors . . . . The documents also contain proprietary or otherwise confidential business information relating to JMW's corporate structure and internal governance." *Id.* As to the board meeting materials, JMW claims they contain, *inter alia*, "details about JMW's proprietary business plan, operations, practices, and organizational listings." *Id.* No response to the motion has been filed, suggesting the defendants' consent to the granting of the motion.[14]

The public has a "general right to inspect and copy public records and documents, including judicial records and documents."[15] But when a party's trade secrets and proprietary business operations are placed at issue, the court may permit sealing if the requesting party overcomes the

---

[13] *See Dawson v. Richmond American Homes of Nevada, Inc.*, 2013 WL 1405338, at *2 (D. Nev. Apr. 5, 2013).

[14] This district's Local Rule 7-2(b) states, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *Id.*

[15] *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n.7 (1978).

"strong presumption" favoring public access to court documents.[16]

I previously entered a protective order in this case that permitted the parties to designate as "confidential" and file under seal "any information or document produced by a producing party that in good faith believes constitutes a trade secret or other confidential or proprietary business, technical or financial information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure." Doc. 39 at 2. Rule 26(c)(1)(G) provides that "The Court, may, for good cause, issue an order to protect a party or person from embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[17] Based on the language in the parties' stipulated protective order, Doc. 39, the reasons articulated in the motion to seal, Doc. 96, and the lack of opposition, I grant the motion to seal.

**Conclusion**

Accordingly, it is HEREBY ORDERED that JMW's Motion for Attorney's Fees **[Doc. 90] is DENIED**.

It is FURTHER ORDERED that JMW's Motion to Seal Exhibits 1 and 3 to its Reply Brief (Docs. 95-1) **[Doc. 96] is GRANTED**.

DATED: November 12, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[16] *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[17] *Id.*